IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02406-BNB

SHAY DION MARTIN,

Applicant,

v.

SUSAN JONES, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2010

GREGORY C. LANGHAM
                        CLERK

## ORDER OF DISMISSAL

I. Background

Applicant, Shay Dion Martin, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cánon City, Colorado. Mr. Martin, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 00CR2389 in the District Court for the City and County of Denver, Colorado. In an order entered on October 5, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on October 29, 2010. Mr. Martin did not respond.

In the Application, Mr. Martin asserts he was convicted by a jury of sex assault on a child by use of force; sexual assault on a child; and six habitual criminal counts. (Application at 2.) Mr. Martin also asserts that he filed a direct appeal, and that his

petition for a writ of certiorari was denied on March 21, 2005. Mr. Martin further asserts that he filed a Colo. R. Crim. P. 35(c) postconviction motion on April 1, 2009, that was denied by the state district court on April 20, 2009. The Colorado Court of Appeals (CCA) affirmed that denial on November 19, 2009.

II. Analysis

The Court must construe liberally Mr. Martin's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Martin's Application is time-barred. They contend that Mr. Martin's conviction became final on June 20, 2005. (Pre-Answer Resp. at 4.) Respondents further contend that Mr. Martin did not file his first postconviction motion until March 21, 2006, which was pending in state court until September 22, 2008, and that Mr. Martin did not file a second postconviction motion until April 10, 2009, which was pending in state court until January 4, 2010. Respondents conclude that the time is not tolled for the purpose of § 2244(d) for a total of 747 days.

As stated by Respondents, and as indicated in Exhibit F to Respondents' Pre-Answer Response, Mr. Martin's petition for certiorari review of his direct appeal was denied on March 21, 2005. Although Mr. Martin did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days to do so after the Colorado Supreme Court denied his petition for certiorari review. *See* Sup. Ct. R. 13.1. Therefore, counting from March 22, 2005, the day after the writ for certiorari was denied, Mr. Martin's conviction became final on June 20, 2005, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30.1. (the last day of the period computed is included

3

unless it is a Saturday, Sunday, in which event the period runs until the end of the next day that is not a Saturday or Sunday).

Mr. Martin filed his first postconviction motion on March 21, 2006, which was denied on July 18, 2006. (Pre-Answer Resp., Ex. A at 8.) The CCA affirmed the denial on August 7, 2008. (Pre-Answer Resp., Ex. I.) Even though Mr. Martin did not seek certiorari review of the CCA's decision, the postconviction motion was pending for purposes of § 2244(d) for the forty-six days allowed to file a petition for certiorari review (*See* Colo. App. R. 52(b)(3)), or until September 22, 2008. Mr. Martin filed his second postconviction motion on April 10, 2009. (Pre-Answer Resp., Ex. A at 7.) The motion was denied on April 20, 2009, and the CCA affirmed the denial on November 19, 2009. (Pre-Answer Resp., Ex. A at 7 and Ex. M.) Again, in keeping with Rule 52(b)(3), the postconviction motion was pending for purposes of § 2244(d) during the time allowed to file a petition for certiorari review, or until January 4, 2010. Mr. Martin did not have a postconviction motion or collateral proceeding pending in state court from January 5, 2010, until October 4, 2010, the date Mr. Martin submitted the instant action to this Court.

The Court, therefore, finds that from June 21, 2005, the day after his conviction and sentence became final, until March 20, 2006, the day prior to when he filed his first postconviction motion, a total of 273 days, the time is not tolled for purposes of § 2244(d). The time also is not tolled from September 23, 2008, the day after his first postconviction motion was final, until April 9, 2009, the day prior to when he filed his second postconviction motion, a total of 199 days, and from January 5, 2010, the day after his second postconviction motion became final, until October 3, 2010, the day prior to when he filed this action, a total of 272 days. Because Mr. Martin did not have

4

a postconviction motion or collateral proceeding pending in state court for a total of 744 days the action is time-barred under § 2244(d).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." **Holland v. Florida**, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord* **Yang v. Archuleta**, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting **Wallace v. Kato**, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. **Yang**, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See* **Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See* **Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." **Lopez v. Trani**, ---- F.3d ----, 2010 WL 4923891 * 3 (10th Cir. 2010).

Mr. Martin fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. In the Application, on Page Seven under Section "F. Timeliness of Application," Mr. Martin does not state, as he is directed

to do, why the Application is not barred by the one-year limitation. Mr. Martin also had the opportunity to reply to Respondents' Pre-Answer Response and address any arguments that may support equitable tolling. He failed to do so. Therefore, the Application will be denied as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Martin has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Vasquez has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 16th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02406-BNB

Shay Dion Martin
Prisoner No. 68637
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 17, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk